**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARLA MARIE DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>CACH, LLC, et al.,<br><br>            Defendants. | Case No.  14-cv-03892-BLF<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND DENYING MOTION FOR RELIEF FROM COURT'S ORDERS**<br><br>[Re:  ECF 60, 61] |

Plaintiff Marla Marie Davis ("Davis") brings this purported class action against Defendants CACH, LLC ("CACH"), SquareTwo Financial Corporation, Mandarich Law Group, LLP, Ryan Earl Vos, Elizabeth Grace Sutlian, and Nadar Samir Sabawi alleging that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a.  Compl., ECF 1.  This action was twice stayed due to the parties' arbitration (ECF 56) and CACH and SquareTwo Financial Corporation's bankruptcy proceeding (ECF 71).  On September 29, 2017, the second stay was lifted, and CACH and SquareTwo Financial Corporation were dismissed without prejudice in light of their bankruptcy proceeding.  ECF 73.  As a result, the remaining Defendants are Mandarich Law Group, LLP, Ryan Earl Vos, Elizabeth Grace Sutlian, and Nadar Samir Sabawi.

Before the Court are Defendants' motion to confirm the arbitration award and Davis' motion for relief from this Court's order granting Defendants' motion to compel arbitration and order denying Davis' motion for reconsideration (the "Orders").  Mot. to Confirm Arbitration

United States District Court
Northern District of California

Award, ECF 60; Mot. for Relief, ECF 61.[1]  Having considering the briefing and oral argument of the parties, as well as the governing law, the Court GRANTS Defendants' motion to confirm the arbitration award, and DENIES Davis' motion for relief from the Orders.

## I.  BACKGROUND

Davis alleges that, she incurred a financial obligation for personal, family, or household purposes, on a consumer credit account issued by HSBC Bank Nevada, N.A. ("HSBC") on October 31, 2006, which is a "debt" as defined under the FDCPA.  Compl. ¶ 25.  She later defaulted on this debt, and contends that this defaulted debt was transferred from HSBC to CACH. *Id.* ¶ 26.  In fact, around April 1, 2013, CACH entered into an agreement to purchase a pool of accounts from Capital One, successor in interest of HSBC.  Opp'n to Mot. for Relief 2, ECF 64. CACH filed suit in Santa Clara County Superior Court on April 29, 2014 to collect the defaulted debt.   Compl. ¶ 28.  Davis further alleges that Mandarich Law Group, LLP and its attorneys, Ryan Earl Vos, Elizabeth Grace Sutlian, and Nadar Samir Sabawi, acted as debt collectors and participated in CACH and SquareTwo Financial Corporation's unlawful debt practices.  *Id.* ¶¶ 8– 10, 20–24.

Davis contends that around August 15, 2014 Defendants sent her a Declaration Under Penalty of Perjury pursuant to California Code of Civil Procedure § 98 (hereinafter "Section 98 Declaration").  *Id.* ¶ 29.  Under certain circumstances, § 98 permits such declarations in lieu of direct testimony, but it requires that the declaration's affiant has a current address within 150 miles of the place of trial, and that the affiant is available for service of process at that address during the 20 days immediately prior to trial.  Cal. Civ. Proc. § 98.  Davis alleges that the Section 98 Declaration she received was invalid, because the affiant did not have a current address within 150 miles of the place of trial and was not available for service at the address given, but that upon receipt of the Section 98 Declaration she was "required to engage legal counsel to represent her, thereby incurring actual damages."  Compl. ¶¶ 31–36.

---

[1] Previously, the motions were terminated when the action was stayed due to CACH and SquareTwo Financial Corporation's bankruptcy proceeding.  ECF 71.  On September 29, 2017, the Court reinstated the motions upon lifting the stay.

United States District Court
Northern District of California

Davis then brought suit against Defendants in August 2014 for violation of the FDPCA, asserting that the use of such purportedly invalid Section 98 Declarations is a routine practice of Defendants, and seeking to represent a class of California residents who received Section 98 Declarations in similar circumstances. *Id.* ¶¶ 41–43. Defendants moved to compel arbitration of this case, contending that Davis' credit card account with HSBC is governed by a Cardmember Agreement that includes a binding arbitration clause. ECF 26, 30. This Court then granted Defendants' motion to compel arbitration. ECF 45. Davis then moved for reconsideration because the Court's order granting the motion to compel arbitration did not discuss a certain provision in the Sale Agreement governing the transfer of assets from HSBC to CACH. ECF 46. The Court subsequently issued an order denying the motion for reconsideration because a careful consideration of the provision did not alter the Court's prior ruling that Defendants had a right to compel arbitration of this suit. ECF 56.

On June 10, 2015, Davis submitted a demand for arbitration. Opp'n to Mot. for Relief 4, ECF 64; Ex. A to Tang Decl., ECF 65. On October 21, 2015, Defendants moved to deny class wide arbitration, which the Arbitrator granted. Opp'n to Mot. for Relief 4; Ex. D to Tang Decl., ECF 65-1. On February 29, 2016, Davis moved for reconsideration of the Arbitrator's order based on a class-wide settlement in *Ross, et al. v. Bank of America, N.A. (USA), et al.*, 05-7116-WHP-THK (S.D.N.Y.) ("Ross Settlement"). Ex. E to Tang Decl., ECF 65-1; *see also* Exs. A and B to Schwinn Decl., ECF 61-2, -3. Davis argued to the Arbitrator that the Ross Settlement essentially abolished the class action waiver clause in her Cardmember Agreement. Ex. E to Tang Decl. The Arbitrator denied the motion for reconsideration, finding that Davis had not demonstrated reasonable diligence in discovering the Ross Settlement, which was available since July 22, 2010 when the judgment was entered in that case. Ex. J to Tang Decl. 10, ECF 65-5; Ex. B to Schwinn Decl. The Arbitrator also denied the motion for reconsideration on the separate ground that Davis did not bear her burden in showing that the Ross Settlement indeed revised her Cardmember Agreement. Ex. J to Tang Decl. 10–11.

On October 25, 2016, the Arbitrator issued an award in favor of Defendants, finding that there was no violation of California Code of Civil Procedure § 98. Ex. A to Mot. to Confirm

3

Arbitration Award, ECF 60-1.  Defendants submitted a motion to confirm the arbitration award, which Davis opposes, solely on the ground that this action should not have been arbitrated based on the Ross Settlement.  Mot. to Confirm Arbitration Award; Opp'n to Mot. to Confirm Arbitration Award, ECF 62.  Davis moves for relief from this Court's prior Orders compelling arbitration on the same ground pursuant to Federal Rule of Civil Procedure Rule 60(b)(6).  Mot. for Relief.  Because the parties set forth the relevant arguments in the briefing related to the motion for relief and not the motion to confirm arbitration award, the Court will first address the parties' briefing in connection with the motion for relief.

## II.    LEGAL STANDARD

A party moving under Rule 60(b)(6) must show "extraordinary circumstances" justifying relief.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved."  *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)).  Rule 60(b)(6) permits federal courts broad authority to grant relief "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).  *Liljeberg*, 486 U.S. at 863.  The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion."  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citing *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)).

The Federal Arbitration Act ("FAA") requires that, whenever "a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected . . . ."  *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9).  Under the statute, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law."  *Id.* (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d 902, 906 (9th Cir. 1986)).  The FAA permits "a federal court to correct a technical error, to strike all or a portion of an award pertaining

United States District Court
Northern District of California

1  to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative

2  misconduct in the arbitral process or the final result or that is completely irrational or exhibits a

3  manifest disregard for the law." *Kyocera Corp.*, 341 F.3d at 997–98.  However, the court's review

4  of an arbitration award is "extremely limited" and deferential to the arbitrator's decision.  *Id.* at

5  998;  *see also Haw. Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv.,* 241

6  F.3d 1177, 1180 (9th Cir. 2001); *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403

7  (9th Cir. 1992).

8  **III.    DISCUSSION**

9       **A.    Plaintiff's Motion for Relief**

10      Davis moves pursuant to Rule 60(b)(6) for relief from this Court's order granting

11  Defendants' motion to compel arbitration and order denying Davis' motion for reconsideration

12  (the "Orders").  Mot. for Relief 2.  Davis argues that this case should never have been compelled

13  to arbitration because CACH was never assigned a right to compel arbitration.  *Id.*  According to

14  Davis, HSBC entered into the Ross Settlement and removed "all terms and conditions requiring

15  the arbitration of disputes . . . from its general purpose consumer credit card agreements by

16  mailing new agreements or change in terms notices to all of its general purpose consumer credit

17  card holders." *Id.* at 3; Ex. A to Schwinn Decl.  Davis contends that CACH, as HSBC's assignee,

18  "stands in the shoes" of its assignor, HSBC.  Mot. for Relief 5 (citing *Am. Ice Co. v. Eastern Trust*

19  *& Banking Co.*, 188 U.S. 626, 630 (1903)).  Davis then concludes that the Ross Settlement

20  governs all HSBC cardholders' agreement in United States including hers so there is no

21  enforceable arbitration clause in her agreement.  *Id.*  On this basis, Davis then argues that relief

22  from the Court's Orders is warranted.  *Id.* at 4–6.

23      Defendants oppose the motion for relief, first arguing that Davis is estopped from bringing

24  this motion because the Arbitrator has already ruled on the arbitrability issue based on the Ross

25  Settlement.  Opp'n to Mot. for Relief 9–11.  Defendants also reiterate the reasons set forth in the

26  Arbitrator's denial of Davis' motion.  One is that Davis did not demonstrate that "in the exercise

27  of reasonable diligence the party applying for the reconsideration did not know such fact or law."

28  Ex. J to Tang Decl.; Opp'n to Mot. for Relief 10–11.  Another reason argued by Defendants is that

United States District Court
Northern District of California

1   Davis did not provide evidence showing that her Cardmember Agreement was indeed changed by

2   the Ross Settlement.  Ex. J to Tang Decl.; Opp'n to Mot. for Relief 12–13.  Defendants further

3   argue that CACH was not a party to the Ross Settlement and did not assume the obligations set

4   forth in the Ross Settlement.  Opp'n to Mot. for Relief 13–14.  Specifically, Defendants aver that

5   CACH was unaware of the Ross Settlement or that Ross Settlement applied to Davis' account.  *Id.*

6   at 7, 13.  Defendants further highlight that this Court had also considered the arbitrability of

7   Davis' claims on two prior occasions, on Defendants' motion to compel arbitration and on Davis'

8   motion for reconsideration, and an extraordinary remedy is not justified this time.  *Id.* at 9–10.

9        As the moving party, Davis must show "extraordinary circumstances" justifying relief

10  from the Court's prior Orders pursuant to Rule 60(b)(6).  *Gonzalez*, 545 U.S. at 535.  The

11  "extraordinary circumstances" requirement imposes a high standard as Rule 60(b)(6) relief is to be

12  granted "sparingly as an equitable remedy to prevent manifest injustice."  *Alpine Land &*

13  *Reservoir Co.*, 984 F.2d at 1049.  After reviewing the parties' briefs and attached exhibits, the

14  Court is unpersuaded by Davis' argument that relief is warranted in this case for the following

15  reasons.

16       First, to justify relief under Rule 60(b)(6), the moving party "must demonstrate both injury

17  and circumstances beyond his control that prevented him from proceeding with the prosecution or

18  defense of the action in a proper fashion."  *Cmty. Dental Servs.*, 282 F.3d at 1168.  Here, Davis'

19  sole basis for relief is her counsel's discovery of the Ross Settlement.  She argues that the Ross

20  Settlement shows that she should not have been compelled to arbitration.  *See generally* Mot. for

21  Relief.  But the discovery of the Ross Settlement was not beyond Davis' control.  The information

22  about the Ross Settlement was publicly available.  *See, e.g.*, Ex. B to Schwinn Decl. (final

23  judgment with notice of settlement).  In fact, Davis' counsel, Fred W. Schwinn, was able to find

24  information about the Ross Settlement through "additional research."  *See* Mot. for Relief 6;

25  Schwinn Decl. ¶¶ 6–12.  Mr. Schwinn's declaration is unclear whether he was conducting research

26  in an unrelated matter.  *See* Schwinn Decl. ¶ 7.  In any case, Davis provides no argument why she

27  could not have conducted "additional research" earlier to discover information about the Ross

28  Settlement.  Nor does she explain the circumstances leading to her discovery.  Although gross

negligence by a party's counsel may constitute "extraordinary circumstances" under Rule 60(b)(6), *Cmty. Dental Servs.*, 282 F.3d at 1170–71 (holding that the counsel's "failure to proceed with his client's defense despite court orders" constituted "extraordinary circumstances" beyond the client's control), Davis does not argue that her counsel was grossly negligent and there is no evidence to support such an argument. Davis simply has not demonstrated injury and circumstances beyond her control.

Second, a request under Rule 60(b)(6) cannot be premised on the grounds for relief set forth in clauses (b)(1) through (b)(5). *Liljeberg*, 486 U.S. at 863; *Lyon v. Agusta S.P.A.,* 252 F.3d 1078, 1088 (9th Cir. 2001) ("[A] motion brought under clause (6) must be for some reason other than the five reasons preceding it under the rule."); *see also Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Here, Davis essentially argues that the Court should vacate its prior Orders compelling arbitration and denying reconsideration based on newly discovered evidence regarding the Ross Settlement. However, Davis cannot challenge the Court's Orders using newly discovered evidence which serves as a basis for relief under Rule 60(b)(2). Fed. R. Civ. P. 60(b)(2) (relief based on newly discovered evidence); *Baltia Air Lines*, 98 F.3d at 642 ("[The moving party] cannot circumvent the limitations of [Rule] 60(b)(2) . . . by relying on the catchall provision of [Rule] 60(b)(6)."). The Court therefore finds that Davis' discovery of the Ross Settlement is an impermissible basis for her relief under Rule 60(b)(6).

Third, Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049. Davis argues that she suffers injustice because she was compelled to arbitration. *See* Mot. for Relief 2. Defendants disagree and responds that Davis attempts for the fourth time to avoid arbitration "now that her claim has been resolved by the Arbitrator in defendants' favor on the merits." Opp'n to Mot. for Relief 8–10.

The record in this case does not support a finding of manifest injustice. On January 15, 2016, the Arbitrator granted Defendants' motion to deny class arbitration. Ex. D to Tang Decl. Around January 18, 2016, Davis discovered information about the Ross Settlement. Schwinn Decl. ¶¶ 7–12. On February 29, 2016, Davis filed a motion for reconsideration of the Arbitrator's January 15, 2016 order based on her discovery of the Ross Settlement. Ex. E to Tang Decl. A

few days later, the parties submitted a joint status letter dated March 2, 2016 to the Court, stating that Davis filed a motion for reconsideration of the Arbitrator's order denying class arbitration. Joint Letter, ECF 59.  However, despite the fact that Davis had discovered the Ross Settlement, Davis did not represent to the Court that she should be relieved from the Court's Orders.  *See id.*  Nor did Davis indicate that she would seek relief once the arbitration is completed.  *See id.*  In fact, in her motion for reconsideration before the Arbitrator, Davis argued only that the Ross Settlement precluded Defendants' ability to oppose class arbitration and did not represent that the arbitration proceeding was improper.  Ex. E to Tang Decl. 2, 4–5.  Instead, after the Arbitrator denied Davis' motion for reconsideration on April 21, 2016 (Ex. J. to Tang Decl.), Davis proceeded with the arbitration which was resolved against her on the merits (Ex. K to Tang Decl., ECF 65-5).  Setting aside whether Davis waived her right to seek relief from this Court, this record indicates that Davis intended to litigate the merits of her case through arbitration.  Now she resorts to this Court after the Arbitrator ruled against her.  Under these circumstances, the Court concludes that there is insufficient evidence to support the conclusion that denying Davis' motion for relief would result in "manifest injustice."  Thus, this case does not warrant the equitable remedy under Rule 60(b)(6) which should be "sparingly" granted "to prevent manifest injustice." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049.

The parties dispute which party should bear the burden of showing whether or not Davis' Cardmember Agreement is subject to the Ross Settlement.  Defendants argue that Davis did not provide evidence showing that her Cardmember Agreement was indeed changed by the Ross Settlement.  Opp'n to Mot. for Relief 12–13.  Davis responds that Defendants bear the burden as they seek arbitration.  Reply in Supp. of Mot. for Relief 4–5.  The Arbitrator considered the same issue.  *See* Ex. J to Tang Decl.  In denying Davis' motion for reconsideration, the Arbitrator concluded that Davis did not provide evidence to support her argument that her Cardmember Agreement was changed by the Ross Settlement.  *Id.* at 11.  The Court need not reach this issue because Davis has failed to satisfy the threshold inquiry whether this case constitutes "extraordinary circumstances" that would justify Rule 60(b)(6) relief from the Court's prior Orders.  As such, the Court does not decide whether the Ross Settlement precludes arbitration in

United States District Court
Northern District of California

1    this case.

2          For the reasons set forth above, the Court DENIES Davis' motion for relief.

3          **B.    Defendants' Motion to Confirm Arbitration Award**

4          Defendants move the Court to confirm the final award issued by the Arbitrator.  Mot. to

5    Confirm Arbitration Award.  The Arbitrator stated that the parties agreed to dismiss Defendants

6    Elizabeth Grace Sutlian and Nader Samir Sabawi from the arbitration.  Ex. A to Mot. to Confirm

7    Arbitration Award 1 ("Arbitration Award"), ECF 60-1.  Based on his consideration of the

8    evidence, the Arbitrator entered an award in favor of Defendants CACH, SquareTwo Financial

9    Corporation, Mandarich Law Group, LLP, Ryan Earl Vos, Elizabeth Grace Sutlian, and Nadar

10   Samir Sabawi and against Plaintiff Marla Marie Davis.  *Id.* at 13.

11         Davis opposes Defendants' motion to confirm the arbitration award based on the

12   arguments set forth in her motion for relief from this Court's order granting Defendants' motion to

13   compel arbitration and order denying Davis' motion for reconsideration.  Opp'n to Mot. to

14   Confirm Arbitration Award 2, ECF 62.  However, the Court rejects Davis' arguments and denies

15   her motion for relief as discussed above.  Davis does not provide other reasons why the arbitration

16   award should not be confirmed.  Accordingly, the Court finds no basis on which to vacate,

17   modify, or correct this arbitration award.  Thus, pursuant to the FAA, the Court GRANTS

18   Defendants' motion to confirm the arbitration award.  *See* 9 U.S.C. § 9.  The Court GRANTS

19   judgment in favor of Defendants Mandarich Law Group, LLP, Ryan Earl Vos, Elizabeth Grace

20   Sutlian, and Nadar Samir Sabawi and against Plaintiff Marla Marie Davis as set forth in the

21   Arbitration Award.

22   **IV.   ORDER**

23         For the foregoing reasons, IT IS HEREBY ORDERED that:

24         (1) Davis' motion for relief from this Court's order granting Defendants' motion to compel

25   arbitration and order denying Davis' motion for reconsideration is DENIED.

26         (2) Defendants' motion to confirm the arbitration award is GRANTED.  Accordingly,

27   judgment in favor of Defendants Mandarich Law Group, LLP, Ryan Earl Vos, Elizabeth Grace

28   Sutlian, and Nadar Samir Sabawi and against Plaintiff Marla Marie Davis is GRANTED.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants CACH and SquareTwo Financial Corporation were previously dismissed without

2    prejudice based on the parties' September 25, 2017 joint status update (ECF 72).  ECF 73.

3        **IT IS SO ORDERED.**

4    Dated: March 27, 2018

5

6                                                BETH LABSON FREEMAN
                                                 United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28