UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARLA MARIE DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MANDARICH LAW GROUP, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-03892-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Re: ECF No. 110] |

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 110 ("Mot."). Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff lacks Article III standing to sue for a mere violation of state procedural law in federal court. *Id.* at 4-10. Plaintiff responded but did not expressly oppose dismissal. ECF No. 111 at 3-4 ("Resp."). The Court finds this motion suitable for disposition without oral argument and VACATES the hearing set for September 30, 2021. Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the Motion to Dismiss WITHOUT PREJUDICE.

To establish constitutional standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo v. Robbins*, 136 S. Ct. 1540, 1545 (2016). "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation

1 may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

These principles preclude Article III standing for Plaintiff. Plaintiff alleges that her injury flows from a procedural violation of California Code of Civil Procedure § 98, ECF No. 108 ¶¶ 34-36, but fails to cite any authority holding that a state procedural violation alone can confer Article III standing for an FDCPA claim under either *Spokeo* or *TransUnion*. As the Court outlined in its order granting the previous motion to dismiss, multiple courts have concluded that post-*Spokeo*, state procedural injury by itself is insufficient to confer Article III standing to assert an FDCPA claim. *See, e.g.*, *Lyshe v. Levy*, 854 F.3d 855, 859 (6th Cir. 2017) ("[T]he procedural violation alleged here—a violation of a state law procedure not required under [the] FDCPA—is not the type contemplated by *Spokeo*."); *Kramer v. Ray Klein*, No. 3:17-cv-00496-SB, 2019 WL 7756339, at *3 (D. Or. Dec. 10, 2019) (violation of state statutory requirement "does not, standing alone, create Article III standing").

Plaintiff appears to concede this point, lamenting that it is "unlikely" that cases finding Article III standing in FDCPA suits asserting only violations of state procedural law survive *Spokeo* and *TransUnion*. *See* Resp. at 4. Instead, Plaintiff says that any dismissal should be without prejudice to allow Plaintiff to potentially file in state court. *Id.* Defendants acknowledge that dismissal without prejudice is proper. *See* ECF No. 112 at 3 (quoting *Hampton v. Pac. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.")). The Court agrees that dismissal without prejudice is the proper course.

For those reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 10, 2021

_____
BETH LABSON FREEMAN
United States District Judge